**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALBERTO PINZON-MARTINEZ, AKA Alberto Martinez Pinzon, | No.   18-73210 |
| Petitioner, | Agency No. A205-319-243 |
| v. | MEMORANDUM* |
| WILLIAM P. BARR, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 14, 2020**

Before:     CANBY, FRIEDLAND, and R. NELSON, Circuit Judges.

Alberto Pinzon-Martinez, a native and citizen of Mexico, petitions pro se for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny the petition for review.

The BIA did not err in finding that Pinzon-Martinez did not establish membership in a cognizable social group. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular social group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))); *see also Barbosa v. Barr*, 926 F.3d 1053, 1059-60 (9th Cir. 2019) (finding that individuals returning to Mexico from the United States who are believed to be wealthy does not constitute a particular social group). Substantial evidence supports the agency's conclusion that Pinzon-Martinez otherwise failed to establish he was or would be persecuted on account of a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or

18-73210

random violence by gang members bears no nexus to a protected ground"). Thus, Pinzon-Martinez's asylum and withholding of removal claims fail.

We do not address Pinzon-Martinez's contentions as to the one-year filing deadline because the BIA did not reach the issue. *See Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011) ("In reviewing the decision of the BIA, we consider only the grounds relied upon by that agency." (citation and internal quotation marks omitted)).

Substantial evidence also supports the agency's denial of CAT relief because Pinzon-Martinez failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009); *see also Wakkary v. Holder*, 558 F.3d 1049, 1067-68 (9th Cir. 2009) (no likelihood of torture).

Pinzon-Martinez does not challenge the BIA's determination that he received a full and fair hearing. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are waived).

Finally, Pinzon-Martinez's request to remand for termination of proceedings, set forth in his opening brief, is denied. *See Karingithi v. Whitaker*,

18-73210

913 F.3d 1158, 1160-62 (9th Cir. 2019) (notice to appear need not include time and date of initial hearing to vest jurisdiction in the immigration court).

**PETITION FOR REVIEW DENIED.**